# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRUCEIA ZITTINGER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No.: |
| ) | |
| UHG I LLC, ) | |
| TSAROUHIS LAW GROUP LLC, ) | |
| and MCCRYSTAL LAW OFFICES ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT

### I.   JURISDICTION AND VENUE

1. Jurisdiction arises out of Defendants' violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. UHG I LLC is a New York limited liability company subject to personal jurisdiction in the State pursuant to 10 Del. C. § 3104(c)(1) – (4).

3. Tsarouhis Law Group LLC is a Pennsylvania limited liability company subject to personal jurisdiction in the State pursuant to 10 Del. C. § 3104(c)(1) – (4).

4. McCrystal Law Offices is a Pennsylvania business subject to personal jurisdiction in the State pursuant to 10 Del. C. §3104(c)(1)-(4).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) or (b)(2), because a substantial portion of the acts giving rise to this litigation occurred within this District and because Plaintiff resides here and Defendants transact business here.

### II.   PARTIES

6. Plaintiff, Bruceia Zittinger ("Plaintiff"), is a natural person residing in Sussex

County, Delaware and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or is a person affected by a violation of the FDCPA with standing to bring a claim under 15 U.S.C. § 1692k.

7. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Tsarouhis Law Group LLC ("Tsarouhis" or "Tsarouhis Law Group") is a Pennsylvania limited liability company with its principal place of business located at 21 South 9th Street, Allentown, PA 18102, and whose Registered Agent for service of process is listed with the Pennsylvania Secretary of State as Tsarouhis Law Group, 21 South 9th Street, Allentown, PA 18102. Tsarouhis has no registered agent in the state of Delaware.

9. UHG I LLC ("UHG") is a New York limited liability company with its principal place of business located at 6400 Sheridan Drive, Suite 138, Williamsville, NY 14221, and whose Registered Agent for service of process is listed with the Delaware Secretary of State as The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

10. McCrystal Law Offices is a Pennsylvania entity with its principal place of business located at 326 Main Street, Suite 1, Emmaus, Pennsylvania 18049, and has no Registered Agent listed with the Pennsylvania Secretary of State. Michael McCrystal, Esq., is the sole member of the McCrystal Law Offices, and operates as the president, head officer, officer, director, manager and/or person in charge of the business.

11. At all times relevant herein, UHG operated as a collection agency, and is a

"debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

12. UHG at all times relevant hereto, used an instrumentality of interstate commerce or the mail in its business, the principal purpose of which was the collection of debts, and regularly collected or attempted to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. At all times relevant herein, Tsarouhis Law Group operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other, including its employee and/or agent Michael McCrystal, Esq.

14. Tsarouhis Law Group, LLC at all times relevant hereto, used an instrumentality of interstate commerce or the mail in its business, the principal purpose of which was the collection of debts, and regularly collected or attempted to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15. At all times relevant herein, McCrystal Law Offices operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other, including its employee and/or agent Michael McCrystal, Esq.

16. McCrystal Law Offices, at all times relevant hereto, used an instrumentality of

interstate commerce or the mail in its business, the principal purpose of which was the collection of debts, and regularly collected or attempted to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

17. Tsarouhis Law Group acted as an agent of UHG.

18. McCrystal Law Offices acted as an agent of UHG.

19. At all times material and relevant hereto, Defendants are jointly and severally liable to Plaintiff, and/or liable through the principles of *respondeat superior*, agency and apparent agency.

### III. FACTUAL ALLEGATIONS

20. On or about 11/10/2022, UHG, by and through its attorneys Tsarouhis Law Group, McCrystal Law Offices, and Michael McCrystal, Esq., filed a lawsuit against Plaintiff in Delaware Court of Common Pleas alleging that Plaintiff owed a debt of $4,554.12 under an account number ending in 3342 (the "State Court Lawsuit").

21. UHG was represented by Tsarouhis Law Group, a Pennsylvania limited liability company, with no Delaware office or Delaware Registered Agent, and by Michael J. McCrystal, Esq., and McCrystal Law Offices.

22. Michael J. McCrystal is a Delaware lawyer who at all times during the year 2022 did not maintain an office in Delaware for the practice of law.

23. Tsarouhis Law Group, at all times during the year 2022, did not maintain an office in Delaware for the practice of law.

24. Michael J. McCrystal is employed by Tsarouhis Law Group as an attorney and has been so employed since at least September 2022.

25. Michael J. McCrystal also operates as an employee, agent and/or owner of the

4

McCrystal Law Offices which, at all times during the year 2022, operated out of a Pennsylvania office at 326 Main Street in Emmaus, Pennsylvania.

26. McCrystal Law Offices, at all times during the year 2022, did not maintain an office in Delaware for the practice of law.

27. Michael McCrystal of Tsarouhis Law Group signed the State Court Lawsuit Complaint using the Allentown, Pennsylvania, address of Tsarouhis Law Group.

28. The Civil Information Sheet filed with the State Court Complaint identifies attorney McCrystal as belonging to Tsarouhis Law Group at the Allentown, Pennsylvania, address.

29. The Delaware Court Connect website entry for the State Court Lawsuit shows attorney McCrystal representing UHG as a member and/or employee of McCrystal Law Offices at 326 Main Street, Suite 1, Emmaus, Pennsylvania 18049.

30. On December 5, 2022, Plaintiff was served the Summons and Complaint in the State Court Lawsuit.

31. Neither Defendant Tsarouhis Law Group nor Defendant McCrystal Law Offices nor attorney Michael McCrystal were authorized to practice law in the Delaware Court of Common Pleas in 2022 as neither maintained an office in Delaware for the practice of law.  See Del. CCP. R. 90(a).

32.  On December 21, 2022 at 11:11 a.m., Plaintiff, through the undersigned counsel, filed an Answer to the Complaint. On or about the same time, Plaintiff's counsel spoke by telephone to a representative of Tsarouhis Law Group regarding the requirement that a Delaware attorney must have a bona fide Delaware office in order to practice in state court.

33. On December 21, 2022 at 4:14 p.m., UHG filed a Notice of Dismissal without

prejudice which was accepted by the Court. In contravention of Court Rule 41(a)(1), counsel for UHG did not secure the agreement of Zittinger's (state court defendant's) counsel via stipulation to dismiss.

34. Defendant Tsarouhis Law Group, by and through its attorney Michael McCrystal, threatened to take and/or took an action which it was not authorized to take by improperly filing a lawsuit in a Court in which it was not authorized to practice.

35. Defendant McCrystal Law Offices, by and through its attorney Michael McCrystal, threatened to take and/or took an action which it was not authorized to take by improperly filing a lawsuit in a Court in which it was not authorized to practice.

36. Defendant UHG, by and through its attorneys Tsarouhis Law Group, McCrystal Law Offices and Michael McCrystal, Esq., threatened to take and/or took an action which it was not authorized to take by improperly filing a lawsuit in a Court in which it was not authorized to practice.

37. UHG, by and through its attorneys Tsarouhis Law Group and/or McCrystal Law Offices and/or Michael McCrystal, filed numerous debt collection lawsuits against various defendants in Delaware Court of Common Pleas, prior to December 21, 2022.

38. UHG, by and through its attorneys Tsarouhis Law Group and/or McCrystal Law Offices and/or Michael McCrystal, continued to file numerous lawsuits against various defendants in Delaware Court of Common Pleas, on or after December 21, 2022, at a time when none of the attorneys maintained an office in Delaware for the practice of law.

39. Tsarouhis Law Group and/or McCrystal Law Offices and/or Michael McCrystal filed numerous debt collection lawsuits on behalf of other debt collectors and/or creditors and against various defendants in Delaware Court of Common Pleas prior to December 21, 2022.

40. Tsarouhis Law Group and/or McCrystal Law Offices and/or Michael McCrystal continued to file numerous debt collection lawsuits on behalf of other debt collectors and against various defendants in Delaware Court of Common Pleas on or after December 21, 2022, at a time when none of the attorneys maintained an office in Delaware for the practice of law.

41. UHG, Tsarouhis Law Group, McCrystal Law Offices and Michael McCrystal continued to prosecute the debt collection lawsuits against various defendants (most or all of whom were unrepresented) both before and after having dismissed the State Court Lawsuit against Bruceia Zittinger on December 21, 2022.

42. Upon information and belief, Tsarouhis Law Group and/or Michael McCrystal have taken some action to establish a Delaware office for the practice of law on or about the end of March 2023, more than three months after filing the underlying State Court action against Zittinger and many other individuals.

43. Defendant UHG, by and through its attorneys Tsarouhis Law Group and /or McCrystal Law Office and/or Michael McCrystal, threatened to take and/or took an action which it was not authorized to take by improperly filing a lawsuit in a Court in which its attorneys were not authorized to practice.

44. Defendant Tsarouhis Law Group attempted to collect a debt from Plaintiff by using an unfair or unconscionable means.

45. Defendant McCrystal Law Offices attempted to collect a debt from Plaintiff by using an unfair or unconscionable means.

46. Defendant UHG attempted to collect a debt from Plaintiff by using an unfair or unconscionable means.

47. Defendants knew or should have known that their actions violated the FDCPA.

48. Defendants failed and neglected to take the appropriate actions to comply with the FDCPA and failed to adequately review its actions to ensure compliance with the FDCPA.

49. Defendants did not maintain reasonable procedures to prevent violation of the FDCPA.

50. At all times relevant hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for the rights of the Plaintiff and for its obligations under the FDCPA.

51. The acts and omissions of the employees, agents and/or assigns of the Defendants were committed within the time and space limits of their agency relationship with Defendants. Defendants are, therefore, liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, willful, reckless and negligent acts, errors, and omissions or its employees, agents or assigns.

## IV.   CAUSES OF ACTION

## COUNTS

### COUNT ONE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e
### (UHG)

52. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

53. Defendant UHG violated 15 U.S.C. § 1692e by making false, deceptive or misleading representations and/or mean in connection with the debt collection as previously set forth in this Complaint by taking or threatening to take an action that cannot legally be taken, which in this case is

  a. the filing of a lawsuit in a Court by an attorney who is not authorized to practice in that Court;

  b. the implication that they intended to proceed to trial in a Court by an attorney who is not authorized to practice in that Court; and

  c. holding themselves out as authorized to practice in law in that Court.

54. As a direct and proximate result of Defendant UHG's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and/or expenses.

55. As a direct and proximate result of Defendant UHG's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anxiety, frustration, fear, embarrassment and harm to her reputation.

56. Plaintiff has been seriously damaged by Defendant UHG's violations of the FDCPA and is entitled to actual damages, statutory damages, costs and attorney's fees in accordance with 15 U.S.C. § 1692k.

## COUNT TWO: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e
## (TSAROUHIS LAW GROUP)

57. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

58. Defendant Tsarouhis violated 15 U.S.C. § 1692e by making false, deceptive or misleading representations and/or mean in connection with the debt collection as previously set forth in this Complaint by taking or threatening to take an action that cannot legally be taken, which in this case is

  a. the filing of a lawsuit in a Court by an attorney who is not authorized to practice in that Court;

    b. the implication that they intended to proceed to trial in a Court by an attorney who is not authorized to practice in that Court; and

    c. holding themselves out as authorized to practice in law in that Court.

59. As a direct and proximate result of Defendant Tsarouhis' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and/or expenses.

60. As a direct and proximate result of Defendant Tsarouhis' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anxiety, frustration, fear, embarrassment and harm to her reputation.

61. Plaintiff has been seriously damaged by Defendant Tsarouhis' violations of the FDCPA and is entitled to actual damages, statutory damages, costs and attorney's fees in accordance with 15 U.S.C. § 1692k.

## COUNT THREE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e
### (MCCRYSTAL LAW OFFICES)

62. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

63. Defendant McCrystal Law Office violated 15 U.S.C. § 1692e by making false, deceptive or misleading representations and/or mean in connection with the debt collection as previously set forth in this Complaint by taking or threatening to take an action that cannot legally be taken, which in this case is

    a. the filing of a lawsuit in a Court by an attorney who is not authorized to practice in that Court;

    b. the implication that they intended to proceed to trial in a Court by an attorney who is not authorized to practice in that Court; and

    c. holding themselves out as authorized to practice in law in that Court.

64. As a direct and proximate result of Defendant McCrystal Law Office's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and/or expenses.

65. As a direct and proximate result of Defendant McCrystal Law Office's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anxiety, frustration, fear, embarrassment and harm to her reputation.

66. Plaintiff has been seriously damaged by Defendant McCrystal Law Office's violations of the FDCPA and is entitled to actual damages, statutory damages, costs and attorney's fees in accordance with 15 U.S.C. § 1692k.

**COUNT FOUR: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f**
**(UHG)**

67. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

68. Defendant UHG violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt by

    a. the filing of a lawsuit in a Court by an attorney who is not authorized to practice in that Court;

    b. the implication that they intended to proceed to trial in a Court by an attorney who is not authorized to practice in that Court; and

    c. holding themselves out as authorized to practice in law in that Court.

69. As a direct and proximate result of Defendant UHG's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and/or expenses.

70. As a direct and proximate result of Defendant UHG's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anxiety, frustration, fear, embarrassment and harm to her reputation.

71. Plaintiff has been seriously damaged by Defendant UHG's violations of the FDCPA and is entitled to actual damages, statutory damages, costs and attorney's fees in accordance with 15 U.S.C. § 1692k.

## COUNT FIVE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f
### (TSAROUHIS LAW GROUP)

72. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

73. Defendant Tsarouhis violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt by

   a. the filing of a lawsuit in a Court by an attorney who is not authorized to practice in that Court;

   b. the implication that they intended to proceed to trial in a Court by an attorney who is not authorized to practice in that Court; and

   c. holding themselves out as authorized to practice in law in that Court.

74. As a direct and proximate result of Defendant Tsarouhis' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and/or expenses.

75. As a direct and proximate result of Defendant Tsarouhis' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anxiety, frustration, fear, embarrassment and harm to her reputation.

76. Plaintiff has been seriously damaged by Defendant Tsarouhis' violations of the

FDCPA and is entitled to actual damages, statutory damages, costs and attorney's fees in accordance with 15 U.S.C. § 1692k.

### COUNT SIX: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f
### ( MCCRYSTAL LAW OFFICES)

77. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

78. Defendant McCrystal Law Offices violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt by

   a. the filing of a lawsuit in a Court by an attorney who is not authorized to practice in that Court;

   b. the implication that they intended to proceed to trial in a Court by an attorney who is not authorized to practice in that Court; and

   c. holding themselves out as authorized to practice in law in that Court.

79. As a direct and proximate result of Defendant McCrystal Law Office's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and/or expenses.

80. As a direct and proximate result of Defendant McCrystal Law Office's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anxiety, frustration, fear, embarrassment and harm to her reputation.

81. Plaintiff has been seriously damaged by Defendant McCrystal Law Office's violations of the FDCPA and is entitled to actual damages, statutory damages, costs and attorney's fees in accordance with 15 U.S.C. § 1692k.

### V.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bruceia Zittinger demands judgment for actual, statutory and punitive damages against Defendants, for attorneys' fees and costs, for pre-judgment and post-judgment interest at the legal rate, and for such other relief as the Court deems just, equitable and proper.

## VI.    DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable.  *US Const. amend. 7; Fed.R.Civ.P. 38.*

Respectfully submitted,

*/s/Mary Higgins*
By: Mary Higgins, Esquire
Attorney I.D. #4179
University Office Plaza
260 Chapman Road, Suite 201
Newark, DE  19702
(ph) 302-525-6607
(fx)  302-318-1301
**mary.higgins@letsbelegal.com**
*Attorney for Plaintiff*

Dated:  April 18, 2023